PER CURIAM.
Appellant sought unemployment benefits, contending that she left her job because she was being treated badly by her supervisor. The essence of her claim was that, after suffering an injury, she was unable to handle the volume of work which she had previously handled, but her supervisor was “harassing” her with e-mails detailing the amount of work the supervisor expected of her. She had not previously received these e-mails, and although she complained to her supervisor, they continued. As a result, she resigned.
The Unemployment Compensation appeals referee found that she had good cause to quit. The employer appealed, and the Commission reversed, stating that although appellant may have been offend *1052 ed by her supervisor’s technique, her supervisor had the right and responsibility to monitor the work. The Commission concluded that there was no competent substantial evidence of harassment sufficient to attribute her resignation to the conduct of the employer. After examining the transcript, we find that we are in agreement with the Commission and therefore affirm.
GUNTHER, FARMER and KLEIN, JJ., concur.